UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELISSA FUTRELL,            Case No. _____
    Plaintiff,
                                      3:13-cv-309-J-99mmH-mcr

vs.

COMMERCIAL RECOVERY SYSTEMS, INC.
    a Texas corporation,

and

JOHN and JANE DOES I - IV,
    Defendant(s)
_____/

**COMPLAINT**
(Jury Trial Demand)

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer, MELISSA FUTRELL (hereinafter "MELISSA FUTRELL" or "Consumer"), for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Florida Consumer Collections Practices Act, CH 559 F.S. § 559.55 et seq. (hereinafter, "State Act" or "FCCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. This action arises from COMMERCIAL RECOVERY SYSTEMS, INC 's (hereinafter, "CRS") and defendant JANE DOE I's communications with Plaintiff's mother which violated the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"). Consumer seeks an award of statutory damages (in the maximum amount of $ 1,000 *per action*) for the Defendants' violations of the FDCPA and

1

FCCPA (or, equivalently, $ 2,000.00 in total statutory damages), actual damages (in amount to be established at trial), reasonable attorney's fees and costs jointly and severally against each of the Defendants.

2. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. " 15 U.S.C. § 1692(a). "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## I. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resided in this District (i.e., in Duval County, Florida) and the Defendants transact business here.

## II PARTIES

### MELISSA FUTRELL

5. Plaintiff, MELISSA FUTRELL (hereinafter, "MELISSA FUTRELL"), is a natural person who, at all times relevant, resided in Duval County, Florida.

## COMMERCIAL RECOVERY SYSTEMS, INC.

6. Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. (hereinafter "CRS") is a Texas corporation whose principal place of business is 8035 East R L Thornton Freeway, Suite 220 in Dallas, Texas (75228).

7. Defendant, CRS' register ed agent in the State of Florida is C T Corporation System whose offices are located at 1200 South Pine Island Road in Plantation, FL (33324). The purpose of CRS' business conducted in Florida is the collection of consumer debts many of which involve alleged deficiencies arising motor vehicle repossessions.

8. Plaintiff also sues the person who contacted Mrs. Christine Ferris (Plaintiff's Mother) while using the name "Mrs. Mason". This employee or agent's true name is known to Defendant CRS is not known to Plaintiff MELISSA FUTRELL. For purposes of convenience and clarity in describing the events, the as yet unidentified employee who identified herself as "Mrs. Mason" is hereinafter referred to as "JANE DOE I". MELISSA FUTRELL is informed and believes that JANE DOE I's communications originated from CRS' facilities.

9. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendant CRS but is not presently known to Plaintiff. These defendants are hereinafter referred to as Defendants JOHN and JANE DOE II through DOE IV. (Defendants CRS and JOHN and JANE DOES I - IV are hereinafter collectively referred to as the "Defendants").

10. Defendant CRS and JOHN and JANE DOES I - IV are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6) because they regularly

3

use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

11. Defendant CRS is licensed as a "consumer collection agency" in the State of Florida by the Florida Office of Financial Regulation. The Florida Office of Financial Regulation issued CRS a license to collect consumer debts in the State of Florida (License No. CCA0900669).

12. The principal purpose of the Defendant CRS is the collection of debts using the mails and telephone.

13. Defendant CRS regularly attempts to collect debts alleged to be due to another.

14. Defendants were acting as debt collectors with respect to the collection of the Alleged Account.

15. All acts of the individual (DOE) defendants described below were committed with the intent to collect the Alleged Account on behalf of defendant CRS.

### MELISSA FUTRELL

16. At all times material hereto, MELISSA FUTRELL was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

### III FACTUAL ALLEGATIONS

17. At all times material hereto, Nissan Motors Acceptance was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

18. At all times material hereto, the Nissan account (the "Alleged Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

19. MELISSA FUTRELL and her husband, Carl Futrell, encountered financial

4

difficulties after they adopted a son who has substantial special needs which require MELISSA FUTRELL to remain in their family's home to care for their son. The medical conditions which cause their son's special needs are permanent. The Futrells do not share their home with anyone else.

20. The Alleged Account went into default before Defendant acquired any interest in the Alleged Account.

21. At some unknown time in the past, CRS directly or indirectly contracted with Nissan (or Nissan's alleged successor(s) in interest) for the purpose of collecting the afore described consumer debt.

22. On or about January 31, 2013, a CRS employee or agent using the name "April Mason" (hereinafter, "JANE DOE I") called Mrs. Christine Ferris (hereinafter, "Mrs. Ferris"). JANE DOE I inquired whether Mrs. Ferris is MELLISA FUTRELL's mother and Mrs. Ferris confirmed that she is. JANE DOE I represented that she was a "mediator" between Nissan and MELISSA FUTRELL. JANE DOE I told Mrs. Ferris that Nissan wants to file a 1099-C in the amount of $ 14,000 which would make this amount income to MELISSA FUTRELL. JANE DOE I further informed Mrs. Ferris that she knew that MELISSA FUTRELL was not working right now so it would be best for Melissa to call now. JANE DOE I also told Mrs. Ferris that, if MELISSA FUTRELL was able to return to work, CRS would take her income to pay back the $ 14,000.

23. Mrs. Ferris informed JANE DOE I that she was unsure whether MELISSA FUTRELL could ever return to work because her son has a disability accompanied by special needs which will likely require her to take care of him for the rest of his life.

5

24. Mrs. Ferris told JANE DOE I that she would give MELLISSA FUTRELL the Defendant's telephone number and relay the information that JANE DOE I had provided her.

25. JANE DOE I told Mrs. Ferris that if MELISSA FUTRELL or her son are receiving financial assistance or may need to do so in the future, then they would not qualify because of the issuance of the 1099-C representing $ 14,000 in income.

26. Plaintiff MELISSA FUTRELL never provided Defendants with her consent to contact Mrs. Ferris or any other third party concerning the Alleged Account.

27. The telephone number 800-214-5397 is a telephone number used by Defendant CRS.

28. Defendants CRS and JANE DOE I falsely threatened to take action that cannot legally be taken or that Defendants did not intend to take :

28 (A). No one has sued MELISSA FUTRELL to attempt to collect the Alleged Debt and judgment has not been entered against MELISSA FUTRELL.

28 (B). Plaintiff is informed and believes that :

    (1) Defendant CRS does not own the Alleged Account;

    (2) Defendant CRS was not authorized to file a lawsuit against MELISSA FUTRELL.;

    (3) Defendant CRS did not employ attorneys who are licensed in Florida;

    (4) Defendant CRS had not made a decision whether to file suit or even recommend filing suit against MELISSA FUTRELL; and

28 (C). Unless and until CRS files suit and prevails against MELISSA FUTRELL, CRS has no right to garnish any paychecks that MELISSA FUTRELL may receive in the

future.

29. Defendant CRS and JANE DOE I's statement to Mrs. Ferris that JANE DOE I was a "mediator" was a false, deceptive, or misleading representation. In fact, Defendants CRS and JANE DOE I were attempting to collect an alleged debt and not acting as a disinterested "mediator".

30. Plaintiff is informed and believes and based thereon alleges that Defendant CRS routinely records all telephone conversations while attempting to collect consumer debts.

31. Plaintiff is informed and believes and based thereon alleges that Defendant CRS recorded the communications with Mrs. Ferris described above in this Complaint.

32. Defendant CRS possesses recordings of the telephone conversation between Defendant and Mrs. Ferris described above.

33. All communications, including all of the communications by Defendant JANE DOE I, were made on behalf of Defendant CRS.

34. All of Defendant CRS' collection actions at issue in this matter occurred within one year of the date of this Complaint.

35. The statements made by Defendant CRS and JANE DOE I are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

36. As an actual and proximate result of the acts and omissions of the Defendants, MELISSA FUTRELL has suffered actual damages and injury, including but not limited to, anxiety, dizziness, embarrassment, nervousness, fear, panic attacks, dizziness, hyperventilating/shortness of breath, mental anguish, emotional stress, and suffering for which he

7

should be compensated in an amount to be established by jury and at trial. Plaintiff MELISSA FUTRELL is entitled to the actual and statutory damages along with punitive damages.

37. Plaintiff MELISSA FUTRELL has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

## IV COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff MELISSA FUTRELL repeats and re-alleges and incorporates by reference paragraphs 1 through 37 above.

39. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) The Defendants, CRS, JANE DOE I, and JOHN and JANE DOES I - III, violated 15 U.S.C. § 1692b(2) by telling a third party, the Plaintiff's mother, that Plaintiff owes the Alleged Debt;

   (b) The Defendants, CRS, JANE DOE I, and JOHN and JANE DOES I - III, violated 15 U.S.C. § 1692c(b) by contacting a third party, the Plaintiff's mother, without the Plaintiff's prior consent;

   (c) The Defendants, CRS, JANE DOE I ("Mrs. Mason") and JOHN AND JANE DOES I - III, violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

   (d) The Defendants, CRS, JANE DOE I ("Mrs. Mason") and JOHN AND JANE DOES I - III, violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Alleged Debt;

(e) The Defendants, CRS, JANE DOE I ("Mrs. Mason") and JOHN AND JANE DOES I - III, violated 15 U.S.C. § 1692e(5) by falsely threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(f) The Defendants, CRS, JANE DOE I ("Mrs. Mason") and JOHN AND JANE DOES I - III, violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## V   COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")

40. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs 1 - 37.

41. Defendants, CRS, JANE DOE I, and JOHN and JANE DOES II- IV, violated the state Act. Defendants' violations of the state Act include, but are not limited to, the following:

(a) The Defendants violated Fla. Stat., Ch. 559, § 559.72 (5) by disclosing to a person other than the debtor or her or his immediate family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false; and

(b) The Defendants violated Fla. Stat. Ch. 559, § 559.715(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person

knows that the right does not exist;

42. Defendants' acts as described above were done intentionally with the purpose of collecting or attempting to collect a debt or to coerce Plaintiff to pay the alleged debt.

43. As a result of the above violations of the state Act, the Defendants are liable to the Plaintiff for actual damages and statutory damages, punitive damages and attorney's fees and costs pursuant to F.S. CH 559, § 559.77.

WHEREFORE, Plaintiff MELISSA FUTRELL requests that the Court enter judgment in favor of Plaintiff MELISSA FUTRELL and jointly and severally against Defendants COMMERCIAL RECOVERY SYSTEMS, INC., a Texas corporation, and JOHN AND JANE DOES I through IV for :

A. Statutory damages (in the amount of $ 1,000) pursuant to 15 U.S.C. § 1692k;

B. Statutory damages (in the amount of $ 1,000) pursuant to Fla. Stat. § 559.77(2);

C. Actual damages (in an amount to be determined at trial) pursuant to 15 U.S.C. § 692k and Fla. Stat. § 559.77(2);

D. Punitive damages (in an amount to be determined at trial) pursuant to Fla. Stat. § 559.77(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

F. Such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

Dated : MARCH 18, 2013.

*/s/ Donald E. Petersen*

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice : (407) 648-9050
Messages/Assistant : (407) 403-6760
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
Assistant Email : Kaltizer72@gmail.com
F.B.N. 0776238
Attorney for the Plaintiff
MELISSA FUTRELL